UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID BRACK GATEWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV971 JCH |
| ) | |
| GABE LASHLEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion of Defendant Lashley to Dismiss for Failure to State a Claim filed with the Court on January 14, 2005. (Doc. 19). Plaintiff has not responded to Defendant's motion.

**BACKGROUND**

Plaintiff filed his Complaint on July 30, 2004 (Doc. 1) seeking to have Defendant fired and other injunctive relief with respect to the handling of his mail by correctional officers. (Complaint, ¶VII). Plaintiff is also seeking monetary damages in the amount of $50,000 for the stamp Defendant allegedly removed from an outgoing letter of Plaintiff and "the sexual and other harassment by the hands of COI Gabe Lashley." (Complaint, ¶ VIII).

At the time of the actions giving rise to the Complaint, Plaintiff was incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. (Complaint, ¶ I). Plaintiff alleges that on June 14, 2004, he put an outgoing letter in his cell door to be picked up by the correctional officer in the morning. (Complaint, ¶VI). He claims that when he woke up Defendant was serving breakfast, and Defendant quoted at least three lines from Plaintiff's outgoing letter. (Id.).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff alleges that when he confronted Defendant with reading his mail, Defendant claimed to have heard about the content of Plaintiff's letter in the kitchen. (Id.). After an incident in which Plaintiff would not return his tray, Plaintiff alleges that Defendant came back to his cell and told Plaintiff that he had removed the stamp from the letter. (Id.). Plaintiff further alleges that after this incident Defendant began harassing Plaintiff. (Id.).

Defendant motioned this Court for a dismissal arguing (1) that Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8 and 10; (2) Defendant is entitled to a dismissal under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted, (3) the Eleventh Amendment bars Plaintiff's claim for damages against Defendant, (4) in the alternative, Defendant is entitled to qualified immunity, and (5) Plaintiff has failed to allege any violation of his clearly established statutory or constitutional rights.

## DISCUSSION

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendant argues that Plaintiff's Complaint must be dismissed because his claims are barred by the Eleventh Amendment. The Eleventh Amendment bars suit against the state or one of its agencies in federal court, unless there is a consent to be sued. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). At the times relevant to this action, Defendant Gabe Lashley was employed by the Potosi Correctional Center, which is a Missouri state correctional facility. (Complaint, ¶IV(B)). The Eleventh Amendment does not prevent a plaintiff from seeking damages from a state official if the plaintiff sues the official in his personal capacity. Scheuer v. Rhodes, 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974); Egerdahl v. Hibbing Community Coll., 72 F.3d 615, 619 (8th Cir. 1995). The Eighth Circuit, however, requires a plaintiff who wishes to sue a state official in his personal capacity to specify so in his complaint. Nix v. Norman, 879 F.2d 429, 431 (8th Cir.1989). If a plaintiff's complaint is silent about the capacity in which he or she is suing the defendant, the Eighth Circuit directs us to interpret the complaint as including only official-capacity claims. Egerdahl, 72 F.3d at 619.

In this case, Plaintiff's Complaint does not specify the capacity in which he is suing Defendant. Although Plaintiff names only Gabe Lashley as a defendant and not the State of Missouri, this is not sufficient to overcome the presumption that he is being sued in his official capacity. While courts hold *pro se* complaints to less exacting standards than the formal pleadings of an attorney, Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994), a complaint seeking damages against governmental officials is subject to a heightened standard of pleading with sufficient specificity to put defendants on notice of the nature of the claim. Brown v. Frey, 889 F.2d 159, 170 (8th Cir.1989). "Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

a motion to dismiss is sufficient" to sue a defendant in his personal capacity. <u>Egerdahl</u>, 72 F.3d at 620.

Therefore, we interpret the Complaint to include only official capacity claims and the Eleventh Amendment bars Plaintiff's Complaint against Defendant. The Motion of Defendant Lashley to Dismiss for Failure to State a Claim must be granted. Given this finding, the Court will not address Defendant's other arguments in support of dismissal in his Memorandum in Support of Defendant's Motion to Dismiss for Failure to State a Claim.

Accordingly,

IT IS HEREBY ORDERED that the Motion of Defendant Lashley to Dismiss for Failure to State a Claim (Doc. 19) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**


Dated this 14th Day of July, 2005.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com